## NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

## HARPER–GRACE HOSPITALS, INC., Respondent,

**Marianne Jensen, et al., Intervenors.**

No. 83–5338.

United States Court of Appeals, Sixth Circuit.

Argued May 1, 1984.

Decided June 28, 1984.

Elliott Moore, Deputy Associate Gen. Counsel, John Rubin (argued), N.L.R.B., Washington, D.C., for petitioner.

Stewart Katz (argued), Keller, Thoma, Schwarze, Schwarze, DuBay & Katz, Robert Sawicki, Detroit, Mich., for respondent.

Before JONES and CONTIE, Circuit Judges, and PECK, Senior Circuit Judge.

CONTIE, Circuit Judge.

The National Labor Relations Board (Board) petitions for enforcement of an order holding that Harper-Grace Hospitals, Inc. violated § 8(a)(1) of the National Labor Relations Act (Act), 29 U.S.C. § 158(a)(1), by maintaining and enforcing a rule which prohibits union solicitation by employees on non-work time and distribution of union literature on non-work time in non-work areas of the hospital. We grant enforcement.

Harper-Grace Hospitals' service maintenance employees are represented by the Service Employees International Union, AFL–CIO (Union). Sometime prior to January 1981, several maintenance employees formed an action committee after they became dissatisfied with the presiding Union officers. At approximately 6:30 a.m. on January 16, 1981, employees Shanta Driver and Catherine Schaaf arrived at the hospital's main (Weber) entrance and began passing out anti-union leaflets to other bargaining unit employees. A short time later, a uniformed hospital security guard allegedly told the two women that they were not allowed to distribute union literature on hospital property and that they must move to the public sidewalk. The women complied with this instruction.

At the same time, employees Marianne Jensen and Arrundys Wright were distributing anti-union literature at the old Grace basement entrance, which is used exclusively by hospital employees. Several security guards approached the women and ordered them to move to the public sidewalk. The employees complied with the order.

On January 21, 1981, Driver, Jensen, and another employee met with Garry Beggs, the hospital's labor relations representative, in order to discuss the hospital's no-distribution rule. After reviewing the matter, Beggs informed the employees that the hospital intended to maintain its strict no-distribution rule, which was incorporated in the collective bargaining agreement between the hospital and the Union.[1] Soon thereafter, Jensen filed unfair labor practice charges against the hospital.

Following a hearing, the ALJ ruled that the hospital had violated § 8(a)(1) of the Act by maintaining and enforcing an overbroad no-solicitation/no-distribution rule. The Board adopted the ALJ's recommended order and now petitions this court to enforce the order.

■ It is well settled that, in areas of a hospital other than immediate patient-care areas, a hospital rule which prohibits union solicitation by employees during non-work time or distribution of union literature during non-work time in non-work areas of the hospital is *presumptively invalid* under § 8(a)(1) unless the hospital can justify the prohibition as necessary to avoid disruption of health-care operations or disturbance of patients. *Beth Israel Hospital v. NLRB*, 437 U.S. 483, 507, 98 S.Ct. 2463, 2476, 57 L.Ed.2d 370 (1978). In this case, several of the hospital's service maintenance employees sought to distribute union literature during non-work time in non-work areas of the hospital, but were prevented from doing so pursuant to the hospital's no-solicitation/no-distribution rule. The hospital, therefore, had the burden of showing that its prohibition was necessary to avoid disruption of health care operations of disturbance of patients. The Board found that the hospital failed to satisfy its burden and thus held that the no-solicitation/no-distribution rule was invalid. On petition for review, we must grant enforcement of the Board's order if we find substantial evidence on the record as a whole to support the Board's findings. 29 U.S.C. § 160(e).

In this case, the hospital limits its attack to the Board's finding that the no-solicitation/no-distribution rule is invalid insofar as it prohibits the distribution of union literature at its main (Weber) entrance.[2] The hospital first contends that the General Counsel failed to establish that the hospital did in fact prohibit employees Schaaf and Driver from distributing union literature at the hospital's main (Weber) entrance. To buttress its claim, the hospital points to the fact that Schaaf could not identify the hospital security guard who allegedly ordered Schaaf and Driver to leave the main (Weber) entrance.

Since the ALJ's finding on this point rests solely upon Schaaf's testimony, the hospital is essentially challenging the ALJ's decision to credit her testimony. This circuit has previously indicated, however, that an ALJ's credibility findings must be accepted unless they lack a rational basis. *NLRB v. S.E. Nichols of Ohio, Inc.*, 704 F.2d 921, 923 (6th Cir.), *cert. denied*, —— U.S. ——, 104 S.Ct. 275, 78 L.Ed.2d 256 (1983).

■ We hold that the ALJ's credibility finding on this point has a rational basis and must be upheld. Schaaf testified with-

---

1. The collective bargaining agreement's no-distribution rule read as follows:

   Section 1. The hospital shall provide bulletin boards in appropriate locations for the exclusive use of the Union. The use of these bulletin boards shall be confined to the following notices:
   (a) Recreational and social affairs of the Union;
   (b) Union meetings;
   (c) Union appointments;
   (d) Union elections, including those required in the Union constitutions, and results of such elections;

   (e) Union member changes of address;
   (f) Any proper Union notices.
   There shall be no distribution or posting by the Union or employees of pamphlets, advertising or political matter, notices, or any other kind of literature upon Hospital property other than as herein provided.

2. The hospital does not contest the Board's finding that its no-solicitation/no-distribution rule is invalid insofar as it prohibited the distribution of union literature at the old Grace entrance, which is used exclusively by hospital employees.

out contradiction that she and employee Driver were distributing union literature at the main (Weber) entrance when a hospital security guard told them that they were not permitted to distribute literature on hospital property. While Schaaf did not know the name of the security guard, she did testify that the security guard was dressed in the same outfit as other security guards at the hospital. Such uncontradicted testimony forms a rational basis to support the ALJ's credibility finding.

 The hospital also argues that the Board could not have made a finding on the issue of whether the hospital's prohibition was necessary to avoid disruption of health care operations or disturbance of patients because this issue was not fully litigated before the Board. Accordingly, the hospital maintains, the Board failed to compile a full, fair and complete record.

The short answer to this argument is that it is the *hospital's* burden to establish that its prohibition was necessary to avoid disruption of health care operations or disturbance of patients. *NLRB v. Baptist Hospital, Inc.*, 442 U.S. 773, 781, 99 S.Ct. 2598, 2603, 61 L.Ed.2d 251 (1979); *Beth Israel Hospital v. NLRB*, 437 U.S. at 507, 98 S.Ct. at 2476. If the record is somehow incomplete on this point, it is the hospital's fault for not producing sufficient evidence. Accordingly, we would be improperly shifting the burden of proving this point onto the Board if we remanded this case due to an incomplete record.

 Finally, the hospital contends that it has complied with the Board's order "to the extent that it is necessary and appropriate" by posting a notice along side the Board's notice indicating that the hospital reserved the right "to prohibit or otherwise limit solicitation or distribution of literature at the Main Weber entrance on the basis that such entrance is patient-related and/or that such conduct disturbs or disrupts health services."

Since the Board specifically found that the hospital violated § 8(a)(1) by prohibiting the distribution of literature at the main (Weber) entrance, we are at a loss to explain how the hospital's side notice, which reserves the hospital's right to continue applying its no-distribution rule at the main. (Weber) entrance, complies with the Board's order. We therefore hold that the side notice in no way constitutes "complete compliance" with the Board's order, and that the Board's findings are supported by substantial evidence on the record as a whole.

Accordingly, the Board's order is EN-FORCED.